UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



In re:

FAST AUTO LOANS, INC.,
    Debtor.
_____/

CASE NO. 97-22825-BKC-RBR
Chapter 7 (jointly administered with
Case No. 97-22826-BKC-AJC,
Processing Center of America, Inc.)

JOHN P. BARBEE, Trustee,

    Plaintiff,

v.

Case No. 99-2436-BKC-RBR-A

HARRISON J. GOLDIN,
the Plan Administrator for
FIRST INTERREGIONAL
ADVISORS CORPORATION,

    Defendant.
_____/

### STATEMENT OF ISSUES ON APPEAL AND
### DESIGNATION OF RECORD

Appellant, HARRISON J. GOLDIN, Plan Administrator for First Interregional Advisors Corp. (the "Plan Administrator"), through undersigned counsel and pursuant to Fed. R. Bankr. P. 8006, submits this Statement of Issues on Appeal and Designation of the Record in connection with the appeal to the United States District Court for the Southern District of Florida from the Preliminary Injunction Order (Docket No. 7) entered by this Court on November 19, 1999.



## STATEMENT OF ISSUES ON APPEAL

1. Whether the Bankruptcy Court erred in issuing a **preliminary** injunction against the Plan Administrator.

2. Whether the Bankruptcy Court erred in failing to make specific findings of fact and conclusions of law to support the issuance of a **preliminary** injunction.

3. Whether the Bankrutpcy Court erred in adopting the allegations asserted by John Barbee, Trustee (the "Trustee") in the Complaint For Injunctive Relief And For Surcharge Pursuant To 11 U.S.C. § 506(c) (the "Complaint").

4. Whether the Bankruptcy Court erred in implicitly finding irreparable harm based solely upon the Trustee's allegations in the Complaint.

5. Whether the Bankruptcy Court erred in implicitly finding a likelihood of success on the merits of the Trustee's claims under 11 U.S.C. § 506(c) based solely upon the Trustee's allegations in the Complaint.

6. Whether the Bankruptcy Court erred in failing to consider the doctrine of comity in balancing both the public interest and the interests of the parties.

7. Whether the Bankruptcy Court erred in neither following nor addressing the "first to file" rule as established in Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999).

## DESIGNATION OF THE RECORD

Appellant respectfully designates the following items to be included in the Record on Appeal in this matter with respect to Adversary Case No. 99-2436-BKC-RBR-A:

| DATE | DOCKET # | ITEM |
|---|---|---|
| 11/2/99 | 1 | Complaint For Injunctive Relief and For Surcharge Pursuant To 11 U.S.C. §506(c) |
| 11/12/99 | 2 | Summons |
| 11/12/99 | 3 | Order Setting Filing and Disclosure Requirements for Pretrial and Trial. |
| 11/17/99 | 4 | Summons Served |
| 11/17/99 | 5 | Notice of Hearing by Jack F. Weins for Plaintiff John P. Barbee, Trustee re: Application of the Plaintiff for Preliminary Injunction as Contained in Count I of the Trustee's Verified Complaint |
| 11/17/99 | 6 | Response in Opposition by Creditor First Interregional Advisors Corp. re: Complaint For Injunction Relief and For Surcharge |
| 11/19/99 | 7 | Preliminary Injunction Order |
| 11/29/99 | 8 | Notice of Appeal by Harrison J. Golden |
| 11/29/99 | 9 | Request to Expedite Appeal by Harrison J. Golden |
| 7/13/98 | 10 | Appeal Cover Sheet. |
| * | * | Transcript of November 18, 1999 hearing on Application of Plaintiff for a preliminary injunction as contained in Count I of the Complaint |

Appellant respectfully designates the following items to be included in the Record On Appeal in this matter with respect to Bankruptcy Case No. 97-22825-BKC-RBR:

| DATE | DOCKET # | ITEM |
|---|---|---|
| 09/18/97 | 106 | Motion by Trustee Lucy C. DiBraccio For Entry of an Order Authorizing Her To Segregate Funds Received From Certain Loans For Which Motor Vehicle Title Certificates Were Assigned Or Pledged To First Interregional Advisors Corp. |
| 09/23/97 | 107 | Order Granting Motion For Entry Of An Order Authorizing Her To Segregate Funds Received From Certain Loans For Which Motor Vehicle Titles Were Assigned Or Pledged To First Interregional Advisors Corp. By Lucy C. DiBraccio |

\* Pursuant to Fed.R.Bankr.P. 8006 and Local Rules 8006-1(B) and 5011-1(B)(4), Appellant is delivering to the reporter and filing with the clerk a written request for the transcript and shall make satisfactory arrangements for payment of its cost.

Appellant hereby reserves the right to supplement this Statement of the Issues on Appeal and Designation of Record

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Appellant
701 Brickell Avenue
Suite 3000
Miami, Florida 33131
telephone (305) 374-8500
fax: (305) 789-7799

By: _____
CRAIG RASILE
Florida Bar No. 613691
JEFFREY P. BAST
Florida Bar No. 996343

MIA1 #891327 v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 9th day of December, 1999, to Jack Weins, Esq., Abrams Anton, P.A., One Boca Place, Suite 411-E, 2255 Glades Road, Boca Raton, FL 33431; and John P. Barbee, Trustee, 3201 West Commercial Boulevard, Suite 114, Fort Lauderdale, FL 33309.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Appellant
701 Brickell Avenue
Suite 3000
Miami, Florida 33131
telephone: (305) 374-8500
fax: (305) 7889-7799

By: _____
CRAIG RASILE
Florida Bar No. 613691
JEFFREY P. BAST
Florida Bar No. 996343

MIA1 #891327 v1

# ADDITIONAL

# ATTACHMENTS

# <u>NOT</u>

# SCANNED

PLEASE REFER TO COURT FILE