UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

HARRISON J. GOLDIN,
The Plan Administrator
For First Interregional
Advisers Corporation,

    Appellant,

vs.

JOHN P. BARBEE, Trustee

    Appellee,
_____/

CASE NO. 00-6168-CIV-ZLOCH

**NIGHT BOX FILED**

**MAR 2 8 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## STIPULATION OF DISMISSAL OF APPEAL

Appellant, Harrison J. Goldin, and Appellee, John P. Barbee, through their undersigned counsel and pursuant to Fed. R. Civ. P. 41, hereby stipulate to the dismissal of the above-styled appeal. The parties have agreed to a settlement of the underlying adversary proceeding. See Order Approving Settlement Agreement And Dismissing Adversary Case, with Prejudice attached hereto as Exhibit "A." Each party shall bear its own attorneys' fees and expenses.

Date: March 28, 2000

HOLLAND & KNIGHT LLP
*Counsel for Harrison J. Goldin*
701 Brickell Avenue
Suite 3000
Miami, FL 33131
Tel.: (305) 374-8500

_____
Jeffrey P. Bast
Fla. Bar. No. 996343

ABRAMS ANTON P.A.
*Counsel for John P. Barbee, Trustee*
One Boca Pace, 2255 Glades Road
Suite 411-E
Boca Raton, FL 33431-7383
Tel.: (561) 994-2212

_____ For
Jack F. Weins
Fla. Bar. No. 106360



## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Stipulation of Dismissal Of Appeal was served this 28th day of March, 2000, on Jack F. Weins, Abrams Anton P.A., One Boca Place, 2255 Glades Road, Suite 411-E, Boca Raton, FL 33431-7383

_____
Jefferey P. Bast

MIA1 #920648 v1

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ) | CASE NO. 97-22825-BKC-RBR |
| ) | Chapter 7 (Jointly administered |
| FAST AUTO LOANS, INC. ) | with Case No. 97-22826-BKC-AJC |
| ) | Processing Center of America, |
| Debtor. ) | Inc.) |
| JOHN P. BARBEE, Trustee, ) | |
| Plaintiff, ) | ADVERSARY CASE NO. 99-2436-BKC-RBR-A |
| vs. ) | |
| HARRISON J. GOLDIN, ) | |
| the Plan Administrator | |
| for FIRST INTERREGIONAL ) | |
| ADVISORS CORPORATION, | |
| ) | |
| Defendant. | |

### ORDER APPROVING SETTLEMENT AGREEMENT
### AND DISMISSING ADVERSARY CASE, WITH PREJUDICE

THIS MATTER came before the Court for a continued Pretrial Conference on March 7, 2000. At that time, the Court was advised that the Plaintiff, JOHN P. BARBEE, Trustee, and the Defendant, HARRISON J. GOLDIN, the Plan Administrator for FIRST INTERREGIONAL ADVISORS CORPORATION, had settled all issues involved in this adversary proceeding and had executed a written Settlement Agreement which is appended to this Order as Exhibit "A". Having reviewed the Settlement Agreement, it is

ORDERED AND ADJUDGED that the Settlement Agreement between the Plaintiff, JOHN P. BARBEE, Trustee, and the Defendant, HARRISON J. GOLDIN, the Plan Administrator for FIRST INTERREGIONAL ADVISORS CORPORATION, which is appended to this Order as Exhibit "A" is



approved and the terms thereof adopted by the Court, subject to the noticing requirement hereinafter set forth, and this adversary proceeding is dismissed, with prejudice, with each of the parties to bear their own costs, expenses and attorneys' fees, provided, however, jurisdiction is retained for the purpose of considering objections, if any, to the Court's approval of the Settlement Agreement.

IT IS FURTHER ORDERED AND ADJUDGED that counsel for the Plaintiff, JOHN P. BARBEE, Trustee, shall promptly serve a copy of this Order and the appended Settlement Agreement on all creditors who have filed claims in connection with the bankruptcy case of FAST AUTO LOANS, INC. which have not been previously disallowed or their counsel, if applicable, and the Office of the United States Trustee and file a Certificate of Service with the Clerk of this Court. **Any interested party who receives a copy of this Order and the appended Settlement Agreement who fails to file and serve a written objection to the Court's approval of the Settlement Agreement within twenty (20) days from the date of the service of the Order on them, shall be deemed to have consented to the entry of this Order and approved the Settlement Agreement. Upon the expiration of said twenty (20) day period, this Order shall be deemed final should no objection have been filed. Should any**

objection be filed, counsel for the Plaintiff shall cause the objection to be scheduled for hearing before the Court.

ORDERED in the Southern District of Florida on ~~MAR 07 2000~~.

**RAYMOND B. RAY**

RAYMOND B. RAY,
UNITED STATES BANKRUPTCY JUDGE

Copy furnished to:

JACK F. WEINS, ESQUIRE
Attorney for JOHN P. BARBEE, TRUSTEE
One Boca Place, Suite 411-E
2255 Glades Road
Boca Raton, FL 33431

(Atty Weins is directed to mail a conformed copy of this Order to all interested persons and file a certificate of service.)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:

FAST AUTO LOANS, INC.,

Debtor.

JOHN P. BARBEE, Trustee,

Plaintiff,

-vs-

HARRISON J. GOLDIN, the Plan
Administrator for FIRST INTERREGIONAL
ADVISORS CORPORATION,

Defendant.

Case No. 97-22825-BKC-RBR and
97-22826BKC-AJC
(Jointly administered)

CHAPTER 7

Adversary No. 99-2436-BKC-RBR-A

## SETTLEMENT AGREEMENT

The Plaintiff, JOHN P. BARBEE, Chapter 7 Trustee for Fast Auto Loans, Inc., hereinafter referred to as "Barbee," and the Defendant, Harrison J. Goldin, the Plan Administrator for First Interregional Advisors Corporation, hereinafter referred to as "Goldin", stipulate and agree to the settlement of the above-styled adversary proceeding on the following terms and conditions:

1. Within ten (10) days from the date of the entry of an Order by the United States Bankruptcy Court for the Southern District of Florida approving this Settlement Agreement and dismissing this adversary proceeding and an Order by the United States Bankruptcy Court for the District of New Jersey in Case No. 97-22513 (RG) approving this Settlement Agreement, Barbee shall:

7F7903_.WPD

EXHIBIT "A"

(a) Pay over to Goldin all sums being held by him for the benefit of First Interregional Advisors Corporation in Account #312-7923957-65 at The Chase Manhattan Bank, less the sum of $21,000.00 which shall be transferred to the account for the estate of Fast Auto Loans, Inc. and retained by the estate of Fast Auto Loans, Inc. as an agreed surcharge to First Interregional Advisors Corporation pursuant to 11 U.S.C . Section 506(c); and

(b) Turn over to Goldin all account ledgers, documents, files and records of Fast Auto Loans, Inc. with respect to loan accounts on which First Interregional Advisors Corporation has a lien noted on the face of the motor vehicle title certificate of the customer or borrower of Fast Auto Loans, Inc. *provided however* that Barbee shall turn over only "printouts" or "hard copies" of any electronic files.

2. That this adversary proceeding shall be dismissed, with prejudice, with each party to bear its own costs, expenses and attorneys' fees and this Court shall retain jurisdiction to enforce the terms hereof.

3. That Goldin will dismiss, with prejudice, his Application and Motion for an Order compelling turnover of property of the estate by Barbee which was filed by Goldin in the United States Bankruptcy Court for the District of New Jersey in the case of First Interregional Advisors Corp., Case No. 97-22513 (RG).

4. That Barbee and Goldin do hereby mutually remise, release, acquit, satisfy and forever discharge the other party and their respective bankruptcy estates of and from all claims, actions, causes of action, suits, debts, agreements, promises, and demands whatsoever in law or in equity which either of them or their respective bankruptcy estate ever had, or now has against the other.

2

5. Barbee agrees to cooperate with Goldin in the collection and liquidation of any accounts of Fast Auto Loans, Inc. and, in the event Barbee receives payment from any customer or borrower of Fast Auto Loans, Inc. with respect to a loan account on which First Interregional Advisors Corporation has a lien noted on the face of the motor vehicle title certificate for such customer or borrower, Barbee shall forthwith transmit such funds to Goldin at 767 Fifth Avenue, 28th Floor, New York, New York 10153 or at such other address as Goldin may designate in the future; provided, however, nothing herein shall be construed to require Barbee to collect, in the future, any loan accounts of Fast Auto Loans, Inc. for which First Interregional Advisors Corporation has a lien noted on the face of the title certificate of the customer or borrower of Fast Auto Loans, Inc.

6. Barbee, through counsel, shall make application, by motion or otherwise, to the United States Bankruptcy Court for the Southern District of Florida, in connection with the bankruptcy case of Fast Auto Loans, Inc. and the above-captioned adversary proceeding for the approval of this Settlement Agreement.

7. Goldin, through counsel, shall make application, by motion or otherwise, to the United States Bankruptcy Court for the District of New Jersey, in connection with the bankruptcy case of First Interregional Advisors Corp. for the approval of this Settlement Agreement.

8. This Settlement Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and all agreements and/or understandings heretofore had between the parties with respect to the subject matter of this Settlement Agreement are merged into the terms of this Settlement Agreement.

9. Goldin and Barbee represent and warrant that they have not relied upon any representation, express or implied, in entering into this Settlement Agreement, except those set forth in this Settlement Agreement.

10. This Settlement Agreement may not be waived, amended, modified, or discharged, except by an agreement in writing signed by the party against whom such waiver, amendment, modification, or discharge is sought. No oral understanding or agreement shall be effective to waive, amend, modify, or discharge the terms and/or conditions of this Settlement Agreement.

11. If any provision of this Settlement Agreement shall be held to be contrary to law or invalid under the laws of the State of New Jersey, the State of Florida or federal law, such illegality or invalidity shall not affect any other provision(s) of this Settlement Agreement in any way, which other provision(s) shall nevertheless continue in full force and effect.

12. This Settlement Agreement shall be construed without regard to any presumption or rule of construction tot he effect that a written agreement shall be construed against the party that drafted such agreement.

13. It is expressly understood and agreed that the terms hereof are contractual and not merely recitals. This Settlement Agreement may be signed by the parties in counterpart originals with the same force and effect as if fully and simultaneously signed on a single original document. The undersigned hereby certify and warrant that they are duly authorized to execute this Settlement Agreement on behalf of Goldin and Barbee respectively, and to bind them to the terms of the Settlement Agreement. The provisions of this Settlement Agreement are intended to be cumulative and for the sole benefit of the parties and their

respective heirs, executors, administrators, successors, and assigns. None of the provisions of this Settlement Agreement are intended to be, nor shall any of such provisions be, construed to be for the benefit of any third party. This Settlement Agreement shall be binding upon and shall inure to the benefit of the parties and their respective heirs, executors, administrators, successors, and assigns, including any subsequently appointed trustee(s).

14. This Settlement Agreement is subject to the approval of the United States Bankruptcy Courts for the District of New Jersey and the Southern District of Florida. If either of the Bankruptcy Courts fails to approve this Settlement Agreement, then it shall be deemed null and void and of no force or effect.

ABRAMS ANTON, P.A.
Attorneys for John P. Barbee, Trustee
One Boca Place, Suite 411-E
2255 Glades Road
Boca Raton, FL 33431

By: _____
Jack P. Weins
Florida Bar No. 106360

GOLDIN Associates, LLC
Plan Administrator

By: _____
Harrison J. Goldin

JOHN P. BARBEE
Chapter 7 Trustee

By: _____
John P. Barbee

SILLS CUMMIS RADIN TISCHMAN EPSTEIN & GROSS
Attorneys for Harrison J. Goldin,
One Riverfront Plaza
Newark, New Jersey 07102-5400

By: _____
Andrew H. Sherman

AND

Holland & Knight LLP
Co-counsel for Harrison J. Goldin
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500

By: _____
Jeffrey P. Bast
Florida Bar No. 996343